IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL JOHN REESE,**

Plaintiff,

v.                                                          Civil Action No. **3:18CV140**

**LT. JACOBS,** *et al.,*

Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia prisoner proceeding *pro se*, filed this action. The matter is before the Court on Plaintiff's failure to serve Defendant Robert McCoy within the time required by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action, without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had 90 days from the filing of the Complaint to serve the defendants. Here, that period commenced on September 7, 2018. More than 90 days have elapsed and Plaintiff has not served Defendant McCoy.[1] By Memorandum Order entered on December 14, 2018, the Court directed Plaintiff, within eleven (11) days of the

---

[1] On September 11, 2018, the United States Marshal returned the summons unexecuted, with a note that Defendant McCoy was no longer employed at the facility, and had "moved out of state w/no forwarding address." (ECF No. 16, at 2.)

date of entry thereof, to show good cause for his failure to serve Defendant McCoy within the time required by Rule 4(m). (ECF No. 28.)

Plaintiff has responded. ("Response," ECF No. 32.) Plaintiff insists that he has requested Defendant McCoy's address from the institution, but they will not provide him with that information.

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W. Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro*

*se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Plaintiff, not the Court, nor the United States Marshal's service, is responsible for providing the appropriate addresses for serving a Defendant. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma pauperis* retain responsibility for providing address at which service can be effectuated); *see also Geter v. Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 n.3 (D.D.C. 2007) (advising that *in forma pauperis* status conveys right to have court effect service only to extent plaintiff provides a valid address). Plaintiff has only demonstrated that he attempted to obtain Defendant McCoy's address from the institution. However, the institution has already explained that they do not have a forwarding address for Defendant McCoy. Plaintiff simply blames the institution for his failure to find an address for Defendant McCoy and fails to identify any other effort he has made to attempt to locate an address where he can effect service on Defendant McCoy. Thus, Plaintiff fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Accordingly, Plaintiff has failed to demonstrate good cause to excuse his failure to serve Defendant McCoy or good cause to warrant an extension of time. The claims against Defendant McCoy will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 28 January 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge