IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MICHAEL JOHN REESE,

    Plaintiff,

v.                                                                       Civil Action No. **3:18CV140**

LT. JACOBS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Michael John Reese, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983.[1] The action proceeds on Reese's Particularized Complaint ("Complaint," ECF No. 13).[2] In his Complaint, Reese contends that, during his incarceration at the Meherrin River Regional Jail ("MRRJ"), Defendants[3] violated his right to practice his

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization in the quotations from Reese's submissions.

[3] Reese named the following individuals as defendants: Lt. Jacobs, a lieutenant at MRRJ ("Lieutenant Jacobs"), Captain Lucy, a captain at MRRJ, J.W. Booth, a captain at MRRJ ("Captain Booth"), Brent Wright, Deputy Superintendent at MRRJ ("Deputy Superintendent Wright"), and Robert McCoy, a chaplain at MRRJ ("Chaplain McCoy"). (Compl. 2–4); (*see* ECF No. 26, at 1.) Because Reese failed to serve Chaplain McCoy, the Court dismissed all claims against Chaplain McCoy without prejudice in a separate Memorandum Opinion and Order. (ECF Nos. 35, 36.) This action proceeds against Defendants Lieutenant Jacobs, Captain Lucy, Captain Booth, and Deputy Superintendent Wright (collectively "Defendants").

"Pagan/Wiccan" religion. (*Id.* at 7.) This matter is before the Court on the Motion for Summary Judgment filed by Defendants. (ECF No. 29.) Reese filed a Response (ECF No. 38), and Defendants filed a Reply (ECF No. 39).[4] For the reasons stated below, the Motion for Summary Judgment (ECF No. 29) will be DENIED WITHOUT PREJUDICE.

## I. REESE'S CLAIMS

The Court construes Reese to raise the following claims for relief:

Claim One: Defendants violated Reese's First Amendment[5] right to free exercise of religion when they refused to accommodate his request "to set[] up a weekly off housing unit Pagan/Wiccan faith/study group." (Compl. at 7, 12.)

Claim Two: Defendants' actions violated the Establishment Clause of the First Amendment because they "accommodated Christians [and] refused to do so for any other religious groups[,] [and] [t]hat is a clear endorsement of [and] encouragement to practice their brand of Christianity." (*Id.* at 12–13.)

Claim Three: Defendants violated Reese's Fourteenth Amendment[6] right to equal protection when they upheld Chaplain McCoy's "refusal to accommodate Wiccan/Pagan religion in the same way he did [for] followers of [Christianity]." (*Id.* at 13.)

Claim Four: Defendants placed a substantial burden on Reese's exercise of his religion in violation of the Religious Land Use and Institutionalized Persons Act

---

[4] Reese originally filed a response that was entitled, "SWORN STATEMENT/AFFIDAVIT." (ECF No. 33.) Upon review of this response, the Court noted that the response was "not truly a response in opposition to the Motion for Summary Judgment filed by Defendants or a sworn statement based on the personal knowledge of the affiant." (ECF No. 37, at 1.) By Order entered on January 29, 2019, the Court provided Reese with a thirty-day extension of time to file his response in opposition to the Motion for Summary Judgment. (*Id.* at 1–2.) The Court informed the parties that "[t]he new response [would] SUPPLANT the previously filed 'SWORN STATEMENT/AFFIDAVIT,' meaning the Court [would] consider only the new response in opposition to the Motion for Summary Judgment." (*Id.* at 2.) Reese then filed a Response (ECF No. 38), and Defendants filed a Reply (ECF No. 39).

[5] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

[6] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

2

("RLUIPA")[7] when they informed Reese that he "must provide [his] own volunteers to supervise, lead [and] set up off housing unit religious services for 'safety [and] security reasons.'" (*Id.* at 14.)

Reese seeks monetary damages and injunctive relief. (*Id.* at 16–19.)

## II. STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility of informing the Court of the basis for the motion and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c), (e) (1986)). In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). A mere "*scintilla* of evidence," however, will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is

---

[7] 42 U.S.C. § 2000cc–1(a).

3

any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448).

In support of their Motion for Summary Judgment, Defendants submitted the affidavit of Deputy Superintendent Wright ("Wright Aff.," ECF No. 30–1). Reese filed a Response. (ECF No. 38.) Reese also submitted copies of his inmate request forms (ECF Nos. 38–2, 38–3, 38–9), and affidavits from several inmates (ECF Nos. 38–1, 38–4, 38–5, 38–6, 38–7, 38–8, 38–10). None of the affidavits are truly sworn to under penalty of perjury, and although one of the affidavits is notarized (ECF No. 38–1), the notary did not administer an oath.[8] Furthermore, Reese did not sign his Complaint under the penalty of perjury. (*See* Compl. 19.) As such, Reese has put forth no evidence in support of his claims.

In light of the foregoing submissions and principles, the following facts are established for purposes of the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Reese.

### III. UNDISPUTED FACTS

Because Reese failed to submit any evidence and Defendants only addressed a portion of Reese's claims, the undisputed facts are sparse. Specifically, the undisputed facts are as follows:

---

[8] Moreover, the affidavits submitted by Reese make no mention of practicing Wiccan or Pagan religion, and therefore, even if the affidavits were sworn to under penalty of perjury, the Court would not consider the affidavits for the purposes of summary judgment in this case. (*See, e.g.,* ECF Nos. 38–4, 38–5 (indicating that the inmate is "Catholic, and [his] immediate family is Catholic" and that Chaplain McCoy denied his request "to have a Patron Saint pendant necklace either mailed in to [him], or brought to the jail itself by [his] mother")); (ECF No. 38–10 (indicating that due to changes to the Common Fare food tray, which the inmate "switched to . . . for religious practicing purposes," the inmate was "forced to switch back to a regular standard tray to get more calories and not be hungry")).

4

Reese "became an inmate [at MRRJ] on November 4, 2016." (Wright Aff. ¶ 2.) At all times relevant to this action, Reese was an inmate at MRRJ. (*See* Compl. 7, 19.)[9]

"When inmates are processed into MRRJ, they can identify a religion on intake forms so that MRRJ can assess if it needs to inquire regarding any respective inmates' religious dietary needs and worship accommodations." (Wright Aff. ¶ 3.) Upon intake, "Reese identified himself as a follower of Paganism." (*Id.*); (*see* Compl. 6.) "MRRJ will query an inmate to determine if the identified religious preference is authentic." (Wright Aff. ¶ 5.) "MRRJ makes reasonable accommodations to inmates to practice their authentic religious beliefs limited only by legitimate security and operational considerations." (*Id.* ¶ 6.)

Inmates may request to hold organized religious services "as long as a volunteer from the outside community agrees to lead the service." (*Id.* ¶ 9.) "MRRJ does not employ any religious figure, celebrant, or leader, nor does MRRJ officially recognize any specific religion." (*Id.* ¶ 10.) "All organized religious services at MRRJ are conducted by volunteers from the community outside of MRRJ." (*Id.* ¶ 7.) "Chaplain McCoy was a volunteer pastor for Christian services at MRRJ but no longer volunteers at MRRJ." (*Id.* ¶ 8.)

## IV. DEFENDANTS' ARGUMENTS FOR DISMISSAL

Defendants argue that their Motion for Summary Judgment should be granted because: (1) Reese's claims fail on the merits, and (2) Defendants are entitled to qualified immunity. (Mem. Supp. Mot. Summ. J. 6–10, ECF No. 30.) For the reasons set forth below, the Motion for Summary Judgment will be DENIED WITHOUT PREJUDICE.

---

[9] The Court notes that on April 15, 2019, Reese submitted a Notice of Change of Address, in which he provided a residential address as his "(new) mailing address." (ECF No. 40, at 1.)

5

## A. Defendants Fail to Adequately Address Reese's Claims

In support of their Motion for Summary Judgment, Defendants submitted a Memorandum in Support of their Motion for Summary Judgment and the affidavit of Deputy Superintendent Wright. (Mem. Supp. Mot. Summ. J. 1–12); (Wright Aff. ¶¶ 1–10.) Although Defendants acknowledge that Reese's Complaint presents claims under the First Amendment, Fourteenth Amendment, and RLUIPA, Defendants fail to address each of Reese's claims separately. (*See* Mem. Supp. Mot. Summ. J. 4–10.)

Instead, Defendants' Memorandum in Support of their Motion for Summary Judgment conflates Reese's claims into one brief analysis. (*See id.*) For example, Defendants set forth the "[a]pplicable [l]aw" for claims under RLUIPA and the Free Exercise Clause of the First Amendment and argue generally that "they did not act as 'state actors' or 'under color of law' to deny Inmate Reese his free exercise rights;" however, they fail to adequately address why summary judgment is warranted based *on the record in this case*. (*See id.* at 4–9.) Additionally, in setting forth the "[a]pplicable [l]aw" for claims under RLUIPA, Defendants fail to address the general unavailability of monetary damages for RLUIPA claims, leaving injunctive relief as the appropriate remedy.[10] See *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009); *Madison v. Virginia*, 474 F.3d 118, 133 (4th Cir. 2006).

Further, although Defendants include several passing references to the Fourteenth Amendment and the Establishment Clause of the First Amendment, they wholly fail to address

---

[10] Moreover, it appears that mootness may bar any request for injunctive relief under RLUIPA. Reese alleges that Defendants placed a substantial burden on his religion during his incarceration at MRRJ. After the expiration of the parties' briefing period for Defendants' Motion for Summary Judgment, Reese submitted a Notice of Change of Address, indicating that he had been released from incarceration. (ECF No. 40, at 1); *see Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007) ("Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim.").

Reese's claims under these amendments. (*See id.*) Such briefing is inadequate to support Defendants' Motion for Summary Judgment. *See Celotex Corp.*, 477 U.S. at 323.

B. **Qualified Immunity**

Defendants also argue that they are entitled to qualified immunity. (Mem. Supp. Mot. Summ. J. 9–10.) In asserting entitlement to qualified immunity, however, Defendants do not specifically address each of Reese's claims. (*See id.*) When a defendant asserts that he or she is entitled to qualified immunity, he or she "must do more than mention its existence and demand dismissal of the suit." *Fisher v. Neale*, No. 3:10CV486–HEH, 2010 WL 3603495, at *3 (E.D. Va. Sept. 8, 2010). Specifically, a defendant must:

> (1) identify the specific right allegedly violated "at the proper level of particularity," *Campbell v. Galloway*, 483 F.3d 258, 271 (4th Cir. 2007); (2) brief, with full supporting authority, why the right was not so clearly established as to put a reasonable official on notice of any legal obligations; and (3) describe with particularity the factual basis supporting the assertion that a reasonable official in the defendant's situation would have believed his conduct was lawful. *See Collinson v. Gott*, 895 F.2d 994, 998 (4th Cir. 1990).

*Id.* Based on these requirements, Defendants' briefing on qualified immunity is inadequate and does not provide a basis for granting summary judgment at this time.

Given the inadequacy of the current briefing, the Motion for Summary Judgment (ECF No. 29) is DENIED WITHOUT PREJUDICE.[11] Defendants shall have thirty (30) days to resubmit their Motion for Summary Judgment. The Memorandum in Support of the Motion for Summary Judgment must adequately brief each claim and any such affirmative defenses Defendants intend to raise.

V. **Conclusion**

---

[11] In reaching this conclusion, the Court also considers the general rule that a party shall not file separate motions for summary judgment. *See* E.D. Va. Loc. Civ. R. 56(C) ("Unless permitted by leave of Court, a party shall not file separate motions for summary judgment addressing separate grounds for summary judgment.").

For the foregoing reasons, Defendants' Motion for Summary Judgment (ECF No. 29) will be DENIED WITHOUT PREJUDICE. Defendants shall have thirty (30) days to resubmit their Motion for Summary Judgment.

An appropriate Order will accompany this Memorandum Opinion.

Date: 8 August 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge